127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lidia Victoria FUENTES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71032.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Argued Oct. 24, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before. THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lidia Victoria Fuentes, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of an immigration judge's denial of her application for asylum and withholding of deportation under 8 U.S. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 WE; review the BIA's fact-based determinations, including whether an applicant has adequately demonstrated past or potential future persecution, under the substantial evidence standard. See Acewicz v. INS, 984 F.2d 1056, S061 (9th Cir.1993). Therefore, we must uphold the BIA's decision unless the evidence was so compelling that no reasonable fact-finder could find as the BIA did. See INS v. Elias-Zacarias, 5 02 U.S. 478, 483-84 (1992).
 
 
 4
 An applicant is statutorily eligible for asylum if she establishes that she has suffered past persecution, or has a wellfounded fear of future persecution, on account of political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz, 984 F.2d at 1061. An applicant who resists forced recruitment by guerrillas must present some evidence that the guerrillas persecuted her, or potentially will persecute her, because of her actual or imputed political opinion, rather than because of her refusal to join their ranks. See Elias-Zacarias, 502 U.S. at 483.
 
 
 5
 Here, Fuentes testified that guerrillas attempted to recruit her and other young passengers on a bus "because they wanted to increase the number of the group." She further testified that she refused to join them because it would mean "trouble, problems," and she was "not up to those things." In response to Fuentes' and other would-be recruits' refusal to join, the guerrillas bound, beat and sexually assaulted the eight women in the group, includng Fuentes. One month later and again two months later, guerrillas inquired about Fuentes at the home of her mother, but were unable to obtain any information. Although the guerrillas' treatment of Fuentes is repugnant, she did not establish eligibility for asylum because she did not present any evidence that the guerrillas persecuted her, or potentially will persecute
 
 
 6
 her, because of a political opinion held by her, or falsely attributed to her, as required by Elias-Zacarias. See id. It follows that she failed to meet the more stringent standard for withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
 
 
 7
 Accordingly, the BIA's decision is supported by substantial evidence. See Acewicz, 984 F.2d at 1061.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3